1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  LAWRENCE ROBINSON,            )      No. CR-F-97-5129 OWN
                                 )      (No. CV-F-02-5814 OWN)
10                               )
                                 )      ORDER DEEMING PETITIONER'S
11              Petitioner,      )      MOTION TO VACATE JUDGMENT
                                 )      DENYING PETITIONER'S MOTION
12       vs.                     )      PURSUANT TO 28 U.S.C. § 2255
                                 )      (Doc. 359) TO BE MOTION
13                               )      REQUESTING COURT TO
   UNITED STATES OF AMERICA,     )      ENTERTAIN RULE 60(b) MOTION
14                               )      AND GRANTING PETITIONER'S
                                 )      REQUEST TO ENTERTAIN RULE
15              Respondent.      )      60(b) MOTION
                                 )
16  _____ )

17

18

19      On February 7, 2007, petitioner Lawrence Robinson,

20  proceeding *in pro per*, filed a motion pursuant to Rule 60(b),

21  Federal Rules of Civil Procedure.  By this motion, Petitioner

22  moves to vacate the September 6, 2006 Order denying Petitioner's

23  motion pursuant to 28 U.S.C. § 2255 as time-barred.  Petitioner

24  filed a Notice of Appeal with respect to the September 6, 2006

25  Order, which appeal is pending in the Ninth Circuit.

26      As explained in *Williams v. Woodfern*, 384 F.3d 567, 586 (9th

                              1

1  Cir.2004), *cert. denied,* ___ U.S. ___, 126 S.C. 419 (2005):[1]

2          Once Williams filed his notice of appeal of
           the district court's judgment denying his
3          habeas corpus petition, the district court
           lost jurisdiction over the petition ... To
4          seek Rule 60(b) relief during the pendency of
           an appeal, '"the proper procedure is to ask
5          the district court whether it wishes to
           entertain the motion, or grant it, and then
6          move this court, if appropriate, for remand
           of the case."' ... Because Williams did not
7          observe the procedure required to retest the
           district court with jurisdiction to consider
8          his Rule 60(b) motion, we conclude that the
           district court's ... order denying the motion
9          is void for lack of jurisdiction.

10      Petitioner's Rule 60(b) motion is therefore deemed to a

11  motion asking this court whether it wishes to entertain the

12  motion to grant it.  So deemed, the court GRANTS Petitioner's

13  request to entertain this motion to grant it.

14      Petitioner was convicted by jury trial.  He was sentenced on

15  May 11, 1999 pursuant to an Amended Judgment (Doc. 206).

16  Petitioner appealed his conviction and sentence to the Ninth

17  Circuit.  On March 31, 2000, the Ninth Circuit affirmed in part,

18  reversed in part, and remanded the matter to the district court.

19  On October 23, 2000, Petitioner was re-sentenced pursuant to the

20  Ninth Circuit remand.  Petitioner again appealed to the Ninth

21  Circuit.  On June 21, 2001, the Ninth Circuit affirmed and the

22  mandate was issued on July 19, 2001.  On October 9, 2001,

23

24      [1]The rule explained in *Williams* does not apply if the Rule
    60(b) motion is filed no later than ten days after the judgment is
25  entered.   Rule  4(a)(4)(A)(vi),  Federal  Rules  of  Appellate
    Procedure.  Here, Petitioner did not file the instant motion within
26  the time period set forth in Rule 4.

1 Petitioner filed a motion for a six-month extension of time to

2 file a Section 2255 motion, which request was granted by Order

3 filed on October 22, 2001.  Petitioner filed his Section 2255

4 motion on July 8, 2002.

5     Petitioner correctly contends that the September 6, 2006

6 Order erred in concluding that the one-year limitation period

7 running from "the date on which the judgment of conviction became

8 final" was set to expire on October 2, 2001.  In <u>United States v.</u>

9 <u>Calvin</u>, 204 F.3d 1221, 1225 (9th Cir. 2000), the Ninth Circuit

10 ruled that, in those cases in which the Ninth Circuit either

11 partially or wholly reverses a defendant's conviction or

12 sentence, or both, and expressly remands to the district court,

13          the judgment does not become final, and the
           statute of limitations does not begin to run,
14         until the district court has entered an
           amended judgment and the time for appealing
15         that judgment has passed.

16 Therefore, because Petitioner's Section 2255 motion was filed on

17 July 8, 2002, which was less than one year after the Ninth

18 Circuit affirmed the Amended Judgment entered following the Ninth

19 Circuit's initial remand, Petitioner's Section 2255 motion is not

20 time-barred.

21     Petitioner now must move the Ninth Circuit to remand his

22 appeal based on the ruling herein.

23     ACCORDINGLY, as set forth above:

24     1.  Petitioner's motion to vacate judgment pursuant to Rule

25 60(b), Federal Rules of Civil Procedure, is deemed to be a motion

26 requesting the district court to entertain a Rule 60(b) motion to

1  grant it.

2      2.   Petitioner must file a motion for remand with the Ninth

3  Circuit.

4  IT IS SO ORDERED.

5  **Dated:   February 27, 2007**              **/s/ Oliver W. Wanger**
   668554                              UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26