IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff/<br>          Respondent,<br><br>     vs.<br><br>LAWRENCE ROBINSON,<br><br>          Defendant/<br>          Petitioner. | No. CV-F-02-5814 OWW<br>(No. CR-F-97-5129 OWW)<br><br>ORDER GRANTING PETITIONER'S<br>MOTION PURSUANT TO RULE<br>60(b), FEDERAL RULES OF<br>CIVIL PROCEDURE, TO VACATE<br>ORDER DENYING PETITIONER'S<br>SECTION 2255 MOTION AS TIME-<br>BARRED |

By Order filed on September 6, 2006, Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was dismissed as untimely.  Petitioner appealed the dismissal to the Ninth Circuit.  During the pendency of that appeal, Petitioner filed a motion to vacate the September 6, 2006 Order pursuant to Rule 60(b), Federal Rules of Civil Procedure. By Order filed on March 1, 2007, this Court deemed Petitioner's motion to be a motion requesting the Court to entertain his Rule

1

1  60(b) motion, granted Petitioner's deemed request, and directed
2  Petitioner to move the Ninth Circuit for a remand of his pending
3  appeal.  By Order filed on June 1, 2007, the Ninth Circuit
4  granted Petitioner's motion for a limited remand to resolve
5  Petitioner's Rule 60(b) motion on its merits.
6       Petitioner was convicted by jury trial.  He was sentenced on
7  May 11, 1999 pursuant to an Amended Judgment (Doc. 206).
8  Petitioner appealed his conviction and sentence to the Ninth
9  Circuit.  On March 31, 2000, the Ninth Circuit affirmed in part,
10 reversed in part, and remanded the matter to the district court.
11 On October 23, 2000, Petitioner was re-sentenced pursuant to the
12 Ninth Circuit remand.  Petitioner again appealed to the Ninth
13 Circuit.  On June 21, 2001, the Ninth Circuit affirmed and the
14 mandate was issued on July 19, 2001.  On October 9, 2001,
15 Petitioner filed a motion for a six-month extension of time to
16 file a Section 2255 motion, which request was granted by Order
17 filed on October 22, 2001.  Petitioner filed his Section 2255
18 motion on July 8, 2002.
19      Petitioner correctly contends that the September 6, 2006
20 Order erred in concluding that the one-year limitation period
21 running from "the date on which the judgment of conviction became
22 final" was set to expire on October 2, 2001.  In *United States v.*
23 *Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000), the Ninth Circuit
24 ruled that, in those cases in which the Ninth Circuit either
25 partially or wholly reverses a defendant's conviction or
26 sentence, or both, and expressly remands to the district court,

>     the judgment does not become final, and the
>     statute of limitations does not begin to run,
>     until the district court has entered an
>     amended judgment and the time for appealing
>     that judgment has passed.

Here, Petitioner appealed his resentencing following the Ninth Circuit's remand. Because of this appeal, pursuant to *United States v. Garcia*, 210 F.3d 1058 (9th Cir.2000), Petitioner's conviction became final for purposes of Section 2255's one-year limitation period at the expiration of the 90-day period to petition the United States Supreme Court for certiorari. Because the Section 2255 motion was filed on July 8, 2002, which was less than one year after the Ninth Circuit affirmed the Amended Judgment entered following the Ninth Circuit's initial remand, Petitioner's Section 2255 motion is not time-barred.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate the September 6, 2006 Order dismissing the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is GRANTED.

IT IS SO ORDERED.

Dated:   **June 12, 2007**            /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE