IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE ROBINSON, )<br>)<br>)<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>)<br>) | No. CV-F-02-5418 OWW<br>(No. CR-F-97-5129 OWW)<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER'S<br>MOTION TO LEAVE TO FILE TWO<br>SUPPLEMENTAL ISSUES (Doc.<br>369) |

By Memorandum Decision and Order filed on October 23, 2007 (Doc. 366), Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was denied.

On November 19, 2007, Petitioner filed a motion for leave to file two supplemental issues pursuant to Rule 15(c), Federal Rules of Civil Procedure. Petitioner contends that, on September 1, 2007, he obtained a copy of the transcript of the change of plea proceedings on June 8, 2000 in *State of North Carolina v. Omar Lee August*, File No. 98 CRS 38585. Petitioner claims that this transcript established that government witness Omar August

1

lied during his testimony at trial and that the United States knowingly withheld material evidence or knowingly used or failed to correct the perjured testimony of Omar August.

Petitioner cannot rely on Rule 15(c), Federal Rules of Civil Procedure, to amend his Section 2255 motion to include the claims he seeks to assert. Petitioner's Section 2255 motion was timely filed on August 8, 2002.[1] Petitioner's Section 2255 motion contended he suffered (1) prosecutorial misconduct because the Government solicited false and misleading testimony before the Grand Jury resulting in the Indictment and (2) ineffective assistance of counsel during pre-trial, trial and appellate proceedings because defense counsel failed to "take appropriate steps necessary in objecting and filing suppression motions to preserve Petitioner's constitutional right to challenge federal jurisdiction under the Hobbs Act." As detailed in the Memorandum Decision and Order filed on October 23, 2007, Petitioner's claims were based on his contention that, because of evidence that Videotronics' business license had expired on March 31, 1996, the business could not have been operating in interstate commerce.

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that the Ninth Circuit's understanding of the relation-back standard under Rule 15(c) which allowed an amendment to a habeas

---

[1] By Order filed on September 6, 2006, Petitioner's motion was dismissed as untimely (Doc. 351). However, by Order filed on June 12, 2007, Petitioner's motion to vacate the September 6, 2006 Order was granted (Doc. 362).

petition to "relate back" to the date of the original petition "so long as the new claim stems from the habeas petitioner's trial, conviction or sentence" was too broad.  The Supreme Court held that an amended claim in a habeas petition relates back for statute of limitation purposes only if it shares a "common core of operative facts" with the original claim or claims.

There is no "common core of operative facts" between the claims alleged in the Petitioner's Section 2255 motion and the claims he seeks to add by amendment under Rule 15(c) based on his contention that Omar August lied at the time he testified in Petitioner's case that he did not expect any leniency in the North Carolina state court proceedings in return for his trial testimony and that the United States knowingly withheld material evidence and knowingly used or failed to correct August's perjured testimony.

By Memorandum Decision and Order filed on October 23, 2007 (Doc. 366), Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was denied.  Petitioner could argue that the motion to amend arguably be deemed a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure.  Even if so deemed, Petitioner would not be entitled to relief because Petitioner is attempting to file a second or successive petition and must first obtain authorization from the Ninth Circuit Court of Appeals to do so.  In *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert. denied*, 524 U.S. 965 (1998), the Ninth Circuit explained:

|   |   |
|---|---|
| 1 | In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b) ..., the Rule 60(b) motion should be treated as a successive habeas petition. This is consistent with general habeas corpus jurisprudence, for a 'Rule 60(b) motion following the entry of a final judgment in a habeas case raises policy concerns similar to those implicated by a second petition ....' .... |

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA. After noting that the AEDPA and its decisions make clear that a "claim" "is an asserted federal basis for relief from a ... judgment of conviction", *id.* at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will contain one or more 'claims.' For example, it might straightforwardly assert that owing to 'excusable neglect.' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim ... Similarly, a motion might seek leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied ... Or a motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim ... Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly ....
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be

|   |   |
|---|---|
| 1 | 'inconsistent with' the statute. 28 U.S.C. § 2254 Rule 11.  Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'  In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3). |


1       'inconsistent with' the statute. 28 U.S.C. §
2       2254 Rule 11.  Using Rule 60(b) to present
    new claims for relief from a state court's
3       judgment of conviction - even claims couched
    in the language of a true Rule 60(b) motion -
4       circumvents AEDPA's requirement that a new
    claim be dismissed unless it relies on either
5       a new rule of constitutional law or newly
    discovered facts. § 2244(b)(2).  The same is
6       true of a Rule 60(b)(2) motion presenting new
    evidence in support of a claim already
7       litigated: even assuming that reliance on a
    new factual predicate causes that motion to
8       escape § 2244(b)(1)'s prohibition of claims
    'presented in a prior application,' §
9       2244(b)(2)(B) requires a more convincing
    factual showing than does Rule 60(b).
10      Likewise, a Rule 60(b) motion based on a
    purported change in the substantive law
11      governing the claim could be used to
    circumvent § 2244(b)(2)(A)'s dictate that the
12      only new law on which a successive petition
    may rely is 'a new rule of constitutional
13      law, made retroactive to cases on collateral
    review by the Supreme Court, that was
14      previously unavailable.'  In addition to the
    substantive conflict with AEDPA standards, in
15      each of these three examples use of Rule
    60(b) would impermissibly circumvent the
16      requirement that a successive habeas petition
    be precertified by the court of appeals as
17      falling within an exception to the
    successive-petition bar. § 2244(b)(3).

18      In most cases, determining whether a Rule
    60(b) motion advances one or more 'claims'
19      will be relatively simple.  A motion that
    seeks to add a new ground for relief ... will
20      of course qualify.  A motion can also be said
    to bring a 'claim' if it attacks the federal
21      court's previous resolution of a claim *on the merits*, since alleging that the court erred
22      by denying habeas relief on the merits is
    effectively indistinguishable from alleging
23      that the movant is, under the substantive
    provisions of the statutes, entitled to
24      habeas relief.

25  *Id.* at 531-532.   However, the Supreme Court ruled:

26      That is not the case ... when a Rule 60(b)

5

> motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532.  The Supreme Court noted:

> Fraud on the federal habeas court is one example of such a defect.  See generally *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2 2001)(a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing 'relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial').  We note than an attack based on the movant's own conduct, or his habeas counsel's omissions, see, *e.g., supra*, at 530-531, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

The claims Petitioner seeks to add by amendment do not implicate the integrity of the Section 2255 proceedings but, rather the integrity of the trial proceedings resulting in his conviction. Therefore, Petitioner is attempting to assert claims in a second or successive Section 2255 motion.  This Court does not have jurisdiction to consider the claims unless and until Petitioner obtains authorization to file a second or successive Section 2255 motion for the Ninth Circuit Court of Appeals.  *United States v. Allen,* 157 F.3d 661, 664 (9th Cir. 1998).  The alleged facts of whether a witness was provided leniency was covered extensively on cross-examination at trial.  The witness August testified in Petitioner's trial on January 29, 1999.  August was sentenced on June 8, 2000 in North Carolina.  These alleged facts were easily ascertainable, but have not been timely asserted.

ACCORDINGLY, as set forth above, Petitioner Lawrence

1  **Robinson's motion for leave to file two supplemental issues**
2  **pursuant to Rule 15(c), Federal Rules of Civil Procedure is**
3  **DENIED.**
4       IT IS SO ORDERED.
5  **Dated:   December 5, 2007**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE