# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE ROBINSON,<br><br>Defendant. | CASE NO. 1:97-CR-05129-(3)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 36 MOTION<br><br>(Doc. 394) |

Before the Court is Defendant Lawrence Robinson's *pro se* motion to correct his sentence under Federal Rule of Criminal Procedure 36. (Doc. 394). Upon a thorough review of the briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

## I.   BACKGROUND

On February 4, 1999, a federal jury convicted Robinson of three counts for his for his role in robbing an electronics store on May 1, 1996 ("the Videotronics robbery"), as follows: one count of violating 18 U.S.C. § 1951(a), Interference with Commerce by Robbery and Aiding and Abetting (Count Seven); one count of violating 18 U.S.C. § 924(c)(1), Carrying a Firearm During a Crime of Violence (Count Eight); and one count of violating 18 U.S.C. § 924(j)(1), Death Caused by Use of a

Firearm During a Crime of Violence, and Aiding and Abetting (Count Nine). Also, for his alleged role in a second robbery on November 21, 1996 ("the Belmont robbery"), the jury convicted him of one count of violating 18 U.S.C. § 924(1) (Count Six). However, as to a third robbery, Robinson was acquitted of all charges.

The Court held a sentencing hearing on May 3, 1999, at which it orally sentenced Robinson as follows: as to Count Nine, Life imprisonment; as to Count Seven, 240 months to run concurrently to Count Nine; as to Count Six, 120 months to run concurrently to Counts Nine and Seven; as to Count Eight, 60 months, to run consecutively to Counts Nine, Seven, and Six; as well as 60 months supervised release; a $400 penalty assessment ; and dismissing Counts One, Three, Four (including 4s-6s); and Five. *See* Docs. 200 (hearing minutes), 222 (hearing transcript).

There have been two instances of clerical errors in this case. First, on May 10, 1999, the Court issued its written judgment and commitment sentencing Robinson to life imprisonment as to Count *Seven*; 240 months as to Count *Five*, to be served concurrently with the sentence imposed in Count *Seven*; 120 months as to Count *Four*, to be served concurrently with the sentence imposed in Counts *Seven and Five*, for a total term of Life; 60 months to be served consecutively to the term imposed in Counts *Four, Five, and Seven*, for a total term of Life plus a 60 month consecutive sentence; a $400 special assessment; and a 60 month term of supervised release, including standard conditions of supervision . *See* Doc. 204 at 4-6, 8.

The Court originally issued the Judgment and Commitment on May 10, but the next day, on May 11, 1999, apparently in order to correct clerical mistakes of transposed Count numbers and to match the sentence orally given at the sentencing hearing, the Court amended it. *See* Doc. 206 at 5. Upon amendment, the judgment and commitment then read that the life imprisonment was:

> as to Count Nine [Seven]; (240) months as to Count Seven [Five], to be served concurrently with the sentence imposed in Count Nine[Seven]; (120) months as to Count Six [Four];, to be served concurrently with the sentence imposed in Counts Nine and Seven [Seven and Five], for a total term of Life. As to Count Eight [Six], a term of (60) months to be served consecutively to the term imposed in Count Six, Seven, and Nine [Four, Five, and Seven], for a total term of Life plus a (60) month consecutive sentence.

Doc. 206 at 5.

//

With no other changes, the written sentence then matched the oral one given at the sentencing hearing. *See* Docs. 200, 206. Specifically, the special conditions of supervised release remained the same, as follows:

1. The defendant shall submit to the search of their person, property, home and vehicle by a U.S. Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition.

2. The defendant shall participate in a correctional treatment program to obtain assistance for drug or alcohol abuse, which program may include testing to determine whether they have reverted to the use of drugs or alcohol, as directed by the probation officer.

3. The defendant shall participate in a program of mental health treatment, which may include the taking of prescribed psychotropic medication, as directed by the probation officer.

4. The defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the U.S. Probation Office of $5 per month as directed by the probation officer.

*Compare id.* at 6-7 *to* Doc. 204 at 7.

Subsequently, Robinson appealed his conviction and sentence. *See* Doc. 201. On March 31, 2000, the Ninth Circuit Court of Appeals affirmed Robinson's conviction as to the Videotronics robbery, but reversed his conviction for one count of violating 18 U.S.C. § 924(1) in relation to the Belmont robbery. *See United States v. Robinson*, 215 F.3d 1335 (9th Cir.) *amended on denial of reh'g,* 221 F.3d 1349 (9th Cir. 2000). The Ninth Circuit vacated Robinson's sentence and remanded to the district court for resentencing. *Id.*

Upon remand, the Court held a re-sentencing hearing on October 23, 2000, at which Judge Wanger pronounced an oral sentence of life imprisonment plus 60 months custody as to Count Nine; 240 months as to Count Seven, to run concurrently with Count Nine; 60 months as to Count Eight, to run consecutively with Counts Nine and Seven; a $300 special assessment; and standard and special conditions of supervised release, including those related to search and seizure, drug and alcohol treatment and testing, and no possession of a cellular phone or pager. *See* Doc. 302. The transcript from the October 23, 2000 sentencing hearing shows that Defendant was present in the courtroom

3

and represented by his counsel, Mr. Rainwater, of the Federal Defender's Office. *See* Doc. 315.

During the hearing, the Court read aloud the standard conditions of supervised release:

> THE COURT:
>
> > Upon any release from imprisonment, the defendant should be placed on supervised release for a term of 60 months. Within 72 hours following release from custody of the Bureau of Prisons, you shall report in person to the probation office in the district where you are released. While on supervised release, do not commit another federal, state or local crime, do not possess a firearm, do not illegally possess controlled substances, comply with standard conditions recommended by the U.S. Sentencing Commission, do not unlawfully use controlled substances, submit to one drug test within 15 days following your release on supervised release, at least two drug tests thereafter.

*See* Doc. 315 at 17 (Reporter's Transcript of Proceedings). Immediately following this statement, the transcript shows this exchange about the additional eight special conditions of supervised release:

> THE COURT:
>
> > Will the parties agree that I don't have to read the eight special conditions on pages 19 and 20, but the courtroom deputy will include those in the judgment of conviction?
>
> GOVERNMENT: Yes, your Honor.
>
> THE COURT: All right.
>
> MR. RAINWATER [FEDERAL DEFENDER'S OFFICE]: Yes, your Honor.

*Id.* at 16:24-25 – 17:1-22. The Court adopted the special conditions recommended by the probation officer on pages 19 and 20 of the PSR, written as follows:

1. The defendant shall submit to the search of his person, property, home and vehicle by a U.S. Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. As directed by the probation officer, the defendant shall participate in a correctional treatment program to obtain assistance for drug or alcohol abuse.

4. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) [t]o determine if he has reverted to the use of drugs or alcohol.

4

5. The defendant shall not possess or have access to any paging device or cellular phone without the advance permission of the probation officer. The defendant shall provide all billing records for such devices, whether used for business or personal, to the probation officer upon request.

6. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

7. As directed by the probation officer, the defendant shall participate in a program of mental health treatment, which may include the taking of prescribed psychotropic medication.

8. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the U.S. Probation Office of $5 per month.

*See* PSR at 19-20; *see also* Doc. 311 at 4 (amended sentence).

On October 27, 2000, the Court rendered an amended judgement and commitment to reflect this new, post-remand sentence. Doc. 306. Just as it had at the oral sentencing, the Court included in its October 27, 2000 written judgement and commitment the same list of eight special conditions of supervised release. *See* Doc. 306 at 4; *see also* PSR at 19-20.

However, in a second instance of clerical error, that October 2000 amended judgement included a typographical mistake. *See* Doc. 306 at 1. On the list of Counts on the first page, the date of offense in a column following Count Nine was incorrect as to the terminal digit of the year; it should have been 1996, not 1995. *See* Doc. 306 at 1. Yet at every other location, the date of offense was correctly cited as "05/01/1996." *Id.* On November 29, 2000, the Court rendered an amended judgment changing the date of offense in that one instance from "05/01/1995," to "05/01/**1996\***," highlighting the change by emphasizing it in bold and marking it with "**\***." Doc. 311 at 1 (original emphasis). The Court made no other changes. *Id.*

On October 23, 2000, Robinson appealed the sentence. S*ee* Docs. 303, 307. This time, on November 20, 2000, the Ninth Circuit Court of Appeals affirmed the district court. *See* Doc. 309. Defendant has, several times, petitioned the Court under § 2255, but these are unrelated to the instant motion.

On September 21, 2015, Defendant filed the instant motion, now ripe for review. Doc. 394.

//

## II.     DISCUSSION

Defendant by his motion makes three requests pursuant to Rule 36, which allows a court to correct clerical, but not judicial, mistakes in judgments. *See United States v. Penna,* 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing.").

First, Defendant contends that the Court "inadvertently" imposed a five year term of supervised release that exceeds the statutory maximum allowed as to violations of 18 U.S.C. §§ 924(c )(1), 1951(a)(2), and (924(j)(1), (2). Doc. 394 at 3. Defendant argues that the "statement of the sentence imposed is potentially ambigious [sic]. [On the] one hand, it seems to impose an [sic] life sentence. On the [other] hand [sic], it contemplates release, when [release] is not possible under a life sentence," because "parole in the federal system was abolished in 1984." *Id.* at 4. Defendant contends that, pursuant to Rule 36, the Court should correct this "error arising from oversight in the record." *Id.*

Despite Defendant's characterization of the Court's decision as a mistake "inadvertently" made, he attacks either the Court's decision to impose a life sentence or the term of supervised release, or both. Even if the Court found a judicial error in sentencing here  – which it does not[1] – Rule 36 may not be used to correct such a judicial error. *See, e.g., Penna*, 319 F.3d at 513. Accordingly, the Court DENIES Defendant's motion as to this request.

Second, Defendant requests that the Court correct a typographical error in the PSR. *Id.* Defendant suggests that the correct date of offense as to Count Nine was May 1, 1996, not May 1, 1995, as written in the PSR. *Id.* The Court acknowledges that the Court adopted the PSR and, in doing so, repeated its error on the date as to Count Nine. *See* Doc. 306. However, in its November 2000 amended judgment, the Court corrected the exact error about which Defendant complains. *See* Doc. 311 at 1. As the Court has already made this correction, the instant request is moot.

Finally, Defendant suggests that the Court's oral sentence "did not include two nonstandard condition[s] of his supervised release." *Id.* Rather, the Court adopted the PSR's recommendations on

---

[1] To promote efficiency and avoid the need for extensive re-hearing of sentencing issues in case of reversal on appeal, courts routinely impose overlapping and/or alternative sentences, including sentences that impose both life terms and terms of supervised release.

pages 19 through 20, and imposed only those special conditions of supervised release. *Id.* Defendant argues that because the oral sentence was unambiguous, it controls, rather than the written sentence which, he contends, includes two additional special conditions of supervised release "not specified in the oral sentence." *Id.* at 5.

Contrary to Defendant's assertion that the written special conditions of supervised release do nothing to clarify an unambiguous oral sentence, the transcript of the sentencing hearing shows otherwise. At sentencing, the Court specified that as part of the sentence there were to be eight special conditions of supervised release, and that these eight were before the parties on pages 19 and 20 of the PSR. *See* Doc. 315 at 17. It is undisputed that the Court asked the parties to waive the reading of the eight special conditions, and both parties agreed. *Id.* Moreover, the record specifically contradicts Defendant's argument because the eight special conditions enumerated on pages 19 and 20 in the PSR exactly match the eight special conditions in the written judgment and commitment. *See* Doc. 311 at 4; *see also* PSR at 19-20. As the oral and written judgments were the same, the Court DENIES the motion as to this request.

**III.   CONCLUSION AND ORDER**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Lawrence Robinson's motion to correct his sentence under Rule 36 (Doc. 394) is **DENIED**. The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 2, 2016**              **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE