UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>LAWRENCE ROBINSON,<br><br>　　　　　Defendant. | 1:97-CR-05129-3-LJO<br><br>**MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE REQUEST FOR COUNSEL TO ASSIST WITH FILING OF SUCCESSIVE PETITION UNDER 28 U.S.C. § 2255 (Docs. 399-400)** |

　　　Defendant Lawrence Robinson is a federal prisoner, serving a life term in connection with his 1999 conviction for violating 18 U.S.C. § 1951(a) ("Hobbs Act") (interference with commerce by robbery), as well as for carrying a firearm during a crime of violence, and death caused by use of a firearm during a crime of violence. Doc. 311. Before the Court for decision is Defendant's request for appointment of counsel to assist him in the filing of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion").[1] Docs. 399 & 400.

---

[1] Petitioner styles his request simply as a request for appointment of counsel. However, Defendant seeks legal assistance to bring an ineffective assistance of counsel claim, which is cognizable only under 28 U.S.C. § 2255, this Court interprets his

1

On August 8, 2002, Defendant timely filed a 2255 Motion ("First 2255 Motion"). Doc. 326. In that motion, Petitioner raised issues of prosecutorial misconduct before the grand jury and ineffective assistance of counsel based on the allegation that his trial counsel failed to challenge federal jurisdiction under the Hobbs Act. *See* Doc. 351 at 1. This First 2255 Motion was denied as untimely on September 6, 2006. Doc. 351. However, on June 12, 2007, the previously-assigned district judge granted Defendant's motion to vacate the September 6, 2006 Order. Doc. 362. On October 23, 2007, the Court denied the First 2255 Motion on the merits. Doc. 366.

On November 21, 2007, Defendant filed a second 2255 Motion ("Second 2255 Motion), raising additional arguments about Hobbs Act jurisdiction. Doc. 368. On November 30, 2007, the Second 2255 Motion was denied as untimely, or, in the alternative, on the merits. Doc. 371. Defendant's motion for reconsideration of the November 20, 2007 order was also denied. Doc. 385.

Defendant now seeks appointment of counsel to assist him in the filling of a third 2255 Motion. Specifically, Defendant contends that a family member recently discovered that the United States presented his lawyer with a plea offer prior to trial. Doc. 400 at 1. Defendant attaches to his request for counsel what purports to be a letter, dated and date stamped April 24, 2998, from AUSA Dawrence W. Rice, the prosecutor assigned to this case, to Defendant's trial counsel Robert Rainwater, outlining the terms of a plea offer. Doc. 400, Ex. 2. Defendant claims that this plea offer was never communicated to him by Mr. Rainwater and that this failure amounts to ineffective assistance of counsel because, among other things, had Defendant accepted the offer, his sentence would have bene significantly lower than the life sentence imposed by this Court after trial. Doc. 400 at 1-2.

This Court may not act on the merits of any such claim at this time in light of Defendant's two prior 2255 Motions. Pursuant to 28 U.S.C. § 2244(b):

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be

---

request as one for assistance in bringing a 2255 Motion. .

> dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

(Emphasis added). Accordingly, before this Court can consider a second or successive Section 2255 motion, Petitioner must receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Felker v. Turpin,* 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes,* 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]"). Defendant has not shown that he has obtained leave from the Court of Appeals to file a third motion.

Defendant requests appointment of counsel to assist him in framing his third 2255 Motion. 18 U.S.C. § 3006A(a)(2) authorizes a district court to appoint counsel in a section 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. Because the standard applicable to the Ninth Circuit's certification process is strict and appears not to leave room for situations such as those presented by Defendant, the Court finds that the interests of justice do not justify the appointment of counsel at this time. *See Weygandt v. Look*, 718 F.2d 952,

954 (9th Cir.1983) (per curiam) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.").

Therefore, for the reasons set forth above, Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **February 10, 2016**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE