UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:97-cr-05129-NONE-3 |
|---|---|
| Plaintiff-Respondent, | ORDER DENYING MOTIONS UNDER 28 U.S.C. § 2255 |
| v. | |
| LAWRENCE ROBINSON, | (Doc. Nos. 405, 414) |
| Defendant-Movant. | |

Movant Lawrence Robinson has been serving a life sentence since 1999 for interfering with commerce by robbery in violation of 18 U.S.C. § 1951, carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924, and causing a death by use of a firearm during a crime of violence, also in violation of 18 U.S.C. § 924. Approximately fourteen and thirteen years ago respectively, movant brought his first and second motions challenging his life sentence under 28 U.S.C. § 2255, and both motions were denied. (*See* Doc. Nos. 351, 372.) He now brings, through counsel, his third challenge by way of two § 2255 motions, asserting two different claims for relief. (Doc. Nos. 405, 414.)

In his first claim, movant argues that he was wrongfully convicted of a "crime of violence" because the federal statute defining "crime of violence" in this context is unconstitutionally vague in light of the new substantive rule established by the U.S. Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015) ("*Johnson II*"), and made retroactive by

1

the decision in *Welch v. United States*, __U.S.__, 136 S. Ct. 1268 (2016).  (Doc. No. 405, Attach. 1 at 1.)  In his second claim, movant contends, based on the alleged discovery of new evidence and another new substantive rule established by the Supreme Court in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), that his attorneys provided him ineffective assistance in his criminal case by failing to communicate to him a formal plea offer, which, if accepted, would have avoided the imposition of his mandatory life sentence.  (Doc. No. 414 ¶¶ 4, 9.)  Movant claims he would have accepted the plea offer had it been made known to him by his attorneys and, as a result, he would not now be serving a life sentence.  (*Id.* ¶ 21.)

The government has opposed both of movant's pending § 2255 motions, arguing that *Johnson II*, *Frye*, and *Lafler* are inapplicable here, and thus movant is not entitled to relief with respect to his convictions and sentences which remain valid.  (Doc. Nos. 411, 416.)  The government also disputes the assertion that movant's attorneys did not communicate the government's plea offer to him.  (Doc. No. 416 at 8–10.)  Movant has filed a reply.  (Doc. Nos. 413, 419).  Having considered the parties' submissions, the record in this case, and the applicable law, the court concludes that the government's arguments are, by and large, well-taken.  Accordingly, and for the reasons explained below, the court will deny the pending § 2255 motions and decline to issue a certificate of appealability.

## BACKGROUND

In 1997, by way of an initial indictment and two superseding indictments, movant was charged with participating in a series of robberies, which included two counts of interfering with commerce by robbery, two counts of carrying a firearm during a robbery, two counts of causing a death during the commission of a robbery, one count of theft of a firearm during a residential robbery, one count of carrying a firearm during a residential robbery, one count of attempting to possess cocaine and cocaine base with intent to distribute, one count of carrying a firearm during a drug trafficking crime, and one count of causing a death by using a firearm during a drug trafficking crime.  (Doc. Nos. 1, 47, 54, 411, & 416.)  Prior to trial, the charge of carrying a firearm during a residential robbery was dismissed by the court, and the three drug related charges were dismissed on the motion of the government.  (Doc. Nos. 411 at 2–3; 416 at 1–2.)

After a jury trial spanning late January and early February of 1999, movant was convicted on count seven, for interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. § 1951(a); count eight, for carrying a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1); and count nine, for death caused by use of a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(j)(1)-(2).[1] (Doc. No. 311 at 1.) Movant was sentenced to life imprisonment on count nine for death caused by use of a firearm during a crime of violence; 240 months of imprisonment on count seven for interference with commerce by robbery, with that term to be served concurrently with the sentence imposed on count nine; and 60 months of imprisonment on count eight for carrying a firearm during a robbery, with that term to be served consecutively to the sentences imposed as to counts seven and nine. (*Id.* at 1–2.)

## LEGAL STANDARD

Title 28 U.S.C. § 2255 allows a federal prisoner to move "to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).

This is movant's third attempt to challenge his sentence under § 2255. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which "codified the judicially established principles of the abuse-of-the-writ doctrine,"[2] "greatly restrict[s] the power of federal courts to

/////

---

[1] Movant was also convicted on count 6, theft of a firearm during a residential robbery, but his conviction on that count was reversed on direct appeal, resulting in his re-sentencing. (Doc. Nos. 158, 204, 206, 411 at 2–4.)

[2] "Before AEDPA was enacted in 1996, 'a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions' known as the abuse-of-the-writ doctrine guided federal courts in their consideration of second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 841 (9th Cir. 2013) (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

3

award relief to [] prisoners who file second or successive habeas corpus applications."³ *Jones v. Ryan*, 733 F.3d 825, 841–42 (9th Cir. 2013) (alteration in original) (quoting *Tyler v. Cain*, 533 U.S. 656, 661 (2001)). AEDPA thus generally limits a petitioner to "*one* motion under § 2255," and petitioner "may *not* bring a 'second or successive motion' unless [he] meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (alteration in original) (emphasis added); *see also Goodrum v. Busby*, 824 F.3d 1188, 1191–92 (9th Cir. 2016) ("That classification matters because a petitioner raising new claims in a second or successive petition must meet a more demanding standard to obtain relief than the standard applicable to claims raised in a first petition."). One of those exacting standards requires that, "[b]efore the district court can entertain a second or successive § 2255 motion, the appropriate court of appeals *must* certify the motion," if "the applicant makes a *prima facie* showing" as provided by 28 U.S.C. § 2244. *Tate v. United States*, 982 F.3d 1226, 1227 (9th Cir. 2020) (emphasis added). A "*prima facie* showing" simply means that the petitioner or applicant has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Henry v. Spearman*, 899 F.3d 703, 705–06 (9th Cir. 2018) (citation omitted). If the petitioner fails to first obtain the certification from the circuit court before filing a "second or successive motion" in the district court, "the district court lacks jurisdiction to consider the second or successive application." *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009).

Should the circuit court certify the filing of a "second or successive motion," the district court must then "conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the motion meets [other] statutory requirements for the filing of a second or successive motion." *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000) (alteration in original) (citing 28 U.S.C.A. § 2244(b)(4)); *see also Villa-Gonzalez*, 208 F.3d at 1164 (holding that "that the plain language of section 2255 incorporates 28 U.S.C. § 2244(b)(4)

---

³ "The phrase 'second or successive application' . . . is a 'term of art,' which 'is not self-defining.'" *Banister v. Davis*, __U.S.__, 140 S. Ct. 1698, 1705 (2020). It does not simply refer to a filing "made 'second or successively in time,' following an initial application." *Id.* "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

4

as part of the certification procedures of section 2244."). To establish that a second or successive motion was properly filed, § 2255(h) also requires movant to show:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; *or*
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added). If the movant fails to make such showing, the "district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized." § 2244(b)(4); *see also Villa-Gonzalez*, 208 F.3d at 1164.

**ANALYSIS**

Here, following the procedural requirements of AEDPA, movant properly sought authorization from the Ninth Circuit to file a second or successive § 2255 motion by way of two applications. (Doc. No. 414, ¶ 2.) The first application is based on a new substantive rule purportedly articulated under *Johnson II*; the second is based on another new substantive rule purportedly established in *Lafler* and *Frye*. (Doc. Nos. 405, Attach. 1 at 1; 414, ¶¶ 1–2, 4, 9, 22–23.) In early 2017, the Ninth Circuit consolidated both of movant's applications and authorized him to file a second or successive motion in this court.[4] (Doc. No. 404 at 1.) The court thus has jurisdiction to consider movant's two new claims for relief under § 2255.

To reiterate, movant presents his two claims separately as two § 2255 motions in this district court. (Doc. Nos. 405, Attach. 1; 414.) The first claim is premised on the theory that 18 U.S.C. § 924(c)(3), the criminal statute upon which movant's convictions for carrying a firearm

---

[4] More precisely, the Ninth Circuit found that "[t]he application for authorization to file a second or successive 28 U.S.C. § 2255 motion makes a *prima facie* showing for relief" under *Johnson II* and *Welch*, but held that it "need not determine whether the application makes a *prima facie* showing with respect to the remaining ineffective assistance of counsel claim." (Doc. No. 404 at 1.) Even though the Ninth Circuit made a finding of *prima facie* showing *only* as to one of the two claims, district courts must "address, claim by claim, the entire application authorized" by the Ninth Circuit. *Nevius v. McDaniel*, 104 F.3d 1120, 1121 (9th Cir. 1996). In other words, this court must address both of movant's claims here.

5

during a crime of violence and causing a death by use of a firearm during a crime of violence was based, is unconstitutionally vague in defining "crime of violence"; the second claim, by contrast, rests on the theory that movant's attorneys failed to inform him of a formal plea offer made to him by the government and did, therefore, provide movant ineffective assistance. (Doc. Nos. 405, Attach. 1; 414.) Given that movant has established a "*prima facie* showing" with respect to his *Johnson II* claim before the Ninth Circuit, and his *Lafler/Frye* claim is permitted to follow (Doc. No. 404), the issue now before this court is whether movant has met his burden of satisfying either the requirements of subdivision (h)(1) or (h)(2) of § 2255.

Movant argues that § 2255(h)(2)[5] is satisfied here because his new claims are based on "new rule[s] of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that [were] previously unavailable."[6] 28 U.S.C. § 2255(h)(2); (Doc. Nos. 405, Attach. 1 at 1; 414 ¶ 4). The disposition of the pending § 2255 motions turn, therefore, on whether the two claims satisfy § 2255(h)(2).

/////

/////

/////

---

[5] Movant does not argue that § 2255(h)(1) is applicable here. (Doc. Nos. 405, Attach. 1; 414 ¶ 4.) That is, movant does not argue that either his *Johnson II* claim (claim one) or his claim that his counsel failed to advise him of a formal plea offer (claim two) could somehow be characterized as a piece of evidence presented at trial that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1); (*see* Doc. Nos. 414; 419).

[6] It is worth underscoring that "the Supreme Court is the only entity that can make a new rule retroactive." *Tyler*, 533 U.S. at 663 (original brackets omitted). "The new rule becomes retroactive, *not* by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but *simply* by the action of the Supreme Court." *Id.* (emphasis added). If a new rule of constitutional law is *not* given retroactive effect by the Supreme Court, the "errors of constitutional law could *not* be grounds for collateral relief." *Crater v. Galaza*, 491 F.3d 1119, 1126 (9th Cir. 2007) (emphasis added). In the context of a second or successive § 2255 motion, the Ninth Circuit has made clear that it "is for the Supreme Court to decide" whether new constitutional law has retroactive effect, and that an appellate court "may consider *only* whether the Supreme Court has yet done so, either explicitly or through two or more holdings that in combination perform a logical proof." *Christian v. Thomas*, 982 F.3d 1215, 1223 (9th Cir. 2020) (emphasis added). Thus, lower federal courts have no authority to make a new constitutional rule retroactive.

**A.     A "Crime of Violence" as Defined by § 924(c)(3)(A)'s Elements Clause Remains Constitutionally Valid (1st Claim)**

In his first claim, movant asserts that the characterization of his crimes of conviction as crimes of violence under § 924(c)(3) is unconstitutional pursuant to *Johnson II*. Section 924(c)(3) defines a "crime of violence" as an offense that is a felony *and*:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, *or*
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added). Subparagraph (A) is known as the elements clause, while Subparagraph (B) is known at the residual clause. *See United States v. Burke*, 943 F.3d 1236, 1238 (9th Cir. 2019).

In this case, § 1951(a), also known as Hobbs Act robbery, is the predicate offense and, according to the government, it is properly characterized as a crime of violence under § 924(c)(3). That characterization permits the application of §§ 924(c)(1), and 924(j), for the use of a handgun and commission of a murder, which only apply under the statute if the underlying criminal conduct (Hobbs Act robbery) qualifies as a crime of violence. Specifically, movant was found to have committed or threatened "physical violence to [a] person or property"[7] while he was obstructing, delaying, or affecting "commerce or the movement of any article or commodity in commerce" in violation of § 1951(a). 18 U.S.C. § 1951(a); (Doc. No. 311 at 1); *see also United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020) ("The definition of 'crime of violence' in § 924(c)(3)(A) explicitly includes not just completed crimes, but those felonies that have the 'attempted use' of physical force as an element."). He was also found guilty of violating § 924(c)(1) by using or carrying a firearm during and in relation to a "crime of violence." § 924(c)(1); (Doc. No. 311 at 1). Finally, he was found guilty of committing a murder or

---

[7] *See Stokeling v. United States*, __U.S.__, 139 S. Ct. 544, 553 (2019) (distinguishing between "physical force" and "violent force," where former is "the 'unwanted' nature of the physical contact," but the latter—"violent force"—"suggests a degree of power that would not be satisfied by the merest touching.")

7

manslaughter in the course of carrying out a "crime of violence" in violation of § 924(j). *See* 18 U.S.C. § 924(j)(1)-(2); (Doc. No. 311 at 1).

Here, defendant Robinson relies on the Supreme Court's decision in *Johnson II* to argue that the term "crime of violence" as defined by § 924(c)(3) is unconstitutionally vague. (Doc. No. 405, Attach. 1 at 4–13.) However, *Johnson II* does *not* stand for the proposition that the entirety of § 924(c)(3) is unconstitutional, nor is there any Ninth Circuit or Supreme Court authority that so holds. Rather, the Supreme Court in *Johnson II* held *only* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was "unconstitutionally vague"[8]— an unrelated criminal statute of which was *not* implicated by movant's counts of conviction in this case. *See Johnson II*, 135 S. Ct. at 2557. Critically, *Johnson II* does *not* address the constitutionality of the elements clause of § 924(e)(2)(B), which has *identical* language to § 924(c)(3)(A). *See Johnson II*, 135 S. Ct. 2551. *Compare* 18 U.S.C. § 924(e)(2)(B)(i) (defining a "crime of violence" alternatively as having "as an element the use, attempted use, or threatened use of physical force against the person of another") *with* § 924(c)(3)(A) (defining a "crime of violence" also as having "as an element the use, attempted use, or threatened use of physical force against the person or property of another"). Movant cites no relevant, controlling authorities that have construed the decision in *Johnson II* so broadly as to invalidate either § 924(e)(2)(B)'s or § 924(c)(3)(A)'s elements clause. (*See* Doc. No. 405, Attach. 1 at 2–13). Indeed, many courts have come to exactly the opposite conclusion to that urged by movant here. *See, e.g.*, *Grzegorczyk v. United States v. Watson*, 997 F.3d 743, 746 (7th Cir. 2021) ("Following *Davis*, a § 924(c) conviction based on a crime of violence may rely only on the statute's [§ 924(c)(3)(A)] "elements clause."); *United States v. Hammond*, 996 F.3d 374, 397-98 (7th Cir. 2021) ("[T]his

---

[8] The Supreme Court has held that the residual clause of "§ 924(c)(3)(B) is unconstitutionally vague." *United States v. Davis*, __U.S.__, 139 S. Ct. 2319 (2019). The Ninth Circuit, however, has made the limited reach of *Davis* clear in holding that *Davis* "is of no consequence" to whether § 924(c)(3)(A)'s elements clause is unconstitutional. *Burke*, 943 F.3d at 1238; *accord In re Hall*, 979 F.3d 339, 343 (5th Cir. 2020) ("*Davis* left intact the elements clause of § 924(c), and the crime of kidnapping resulting in death falls within the elements clause."); *United States v. Nikolla*, 950 F.3d 51, 54 n.4 (2d Cir. 2020), *cert. denied*, __U.S.__, 141 S. Ct. 634 (2020) (observing that *Davis* does not impact § 924(c)(3)(A)'s definition of a "crime of violence.").

Court and our sister courts have consistently held that *Davis's* invalidation of the residual clause of § 924(c) did not affect the continued constitutionality of the elements clause.") (citing cases); *United States v. Ellis*, No. 13-cr-00818-PJH-1, 2020 WL 5910072, at *8 (N.D. Cal. Oct. 6, 2020) ("In *Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, leaving the elements clause intact."); *United States v. Mariscal*, No. 1:11-cr-00304-LJO, 2018 WL 1911350, at *5 (E.D. Cal. Apr. 23, 2018) (holding that *Johnson II* does not invalidate § 924(c)(3)(A)'s elements clause); *United States v. Sehorn*, No. 16-cv-1573 WQH, 2017 WL 1336872, at *6 (S.D. Cal. Feb. 17, 2017) (holding that despite *Johnson II*, "violation of 18 U.S.C. § 1951(a) remains a crime of violence under § 924(c)"); see also *Stokeling*, 139 S. Ct. at 555 (holding that Florida robbery statute "qualifies as an ACCA-predicate offense under the elements clause," implying the continued validity of that elements clause, post-*Johnson II*). Accordingly, movant has failed to establish that *Johnson II* provides a legal basis under § 2255(h)(2) for the relief he is seeking by way of the pending motion.

It would appear that what movant is seeking here is not an application of *Johnson II*, but an *extension* of that holding in order to invalidate § 924(c)(3)(A)'s elements clause and to have that extension made retroactive so as to trigger and obtain relief under § 2255(h)(2). *See United States v. Garcia-Cruz*, No. 16CV1508-MMA, 2017 WL 3269231, at *4 (S.D. Cal. Aug. 1, 2017) ("In sum, Defendant's claim arises out of an extension, not an application, of the rule announced in" *Johnson II*); *Hirano v. United States*, No. CR 99-00465 ACK, 2017 WL 2661629, at *7 (D. Haw. June 20, 2017) ("[T]he Court is not persuaded by Petitioner's argument that his claim requires only a simple application, rather than an extension" of *Johnson II*); *see also supra* note 6 (explaining that only the Supreme Court can declare a new rule of constitutional law retroactively applicable). The argument that this court should both extend the holding in *Johnson II* and make that extension retroactively applicable does not provide a basis for collateral review under § 2255(h)(2). *See* 28 U.S.C. § 2255(h)(2) ("a new rule of constitutional law[] made retroactive to cases on collateral review *by* the Supreme Court"); *see also Tyler*, 533 U.S. at 663 ("The Supreme Court does *not* 'ma[k]e' a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts.").

9

Most significantly, the Ninth Circuit has consistently affirmed the constitutionality of § 924(c)(3)(A)'s elements clause by upholding the validity of numerous predicate offenses, including Hobbs Act robbery, as a "crime of violence."[9] *Dominguez*, 954 F.3d 1251, 1260 (9th Cir. 2020) (holding that "Hobbs Act robbery is a crime of violence under the elements clause" of § 924(c)(3)(A));[10] *Burke*, 943 F.3d at 1239 ("There is simply no room to find robbery involving controlled substances under § 2118(a) is anything but a crime of violence under § 924(c)(3)(A)'s elements clause," thereby reaffirming the validity of the elements clause); *United States v. Gobert*, 943 F.3d 878, 882 (9th Cir. 2019) ("There is simply no room to find assault with a dangerous weapon under § 113(a)(3) anything but a crime of violence under § 924(c)(3)(A)'s elements clause . . . ."); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir.) (affirming that "armed bank robbery under § 2113(a) and (d) qualifies as a crime of violence" under § 924(c)(3)(A)'s elements clause), *cert. denied*, __U.S.__, 139 S. Ct. 203 (2018); *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017) (following other circuits in concluding that "the federal offense of carjacking [under § 2119] is categorically a crime of violence under § 924(c)," even after *Johnson II*); *see also United States v. McHaney*, __F.4th__, 2021 WL 2410685, at *2 (7th Cir. June 14, 2021) ("[W]e have held time and again that Hobbs Act robbery qualifies as a crime of violence under the elements clause—(§ 924(c)(3)(A))—because it entails the use or threat of force" and noting that every court of appeals to have considered the issue, including the Ninth Circuit, has agreed with that conclusion.). These binding Ninth Circuit decisions uniformly counsel against concluding that § 924(c)(3)(A)'s elements clause is unconstitutionally vague under the decision in *Johnson II*. Movant's first claim for relief, therefore, must be denied given

---

[9] (*See* Doc. No. 405, Attach. 1 at 2–14) (movant arguing at length that a Hobbs Act robbery is not a "crime of violence" under § 924(c)(3)).

[10] Every circuit confronted with the same question has also held that a Hobbs Act robbery is validly a "crime of violence" under § 924(c)(3)(A)'s elements clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 106–09 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *In re St. Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016).

that § 2255(h)(2) has not been satisfied as to that claim.

**B. Relief on Petitioner's Second Claim Must Be Denied Because Neither *Frye* Nor *Lafler* Is a New Rule of Constitutional Law as Required by § 2255(h)(2)**

In *Lafler* and *Frye*, the Supreme Court "extended the Sixth Amendment right to effective assistance of counsel to plea negotiations" and set forth the standards for applying *Strickland*[11] in the plea-bargaining context. *Clark v. Chappell*, 936 F.3d 944, 968 (9th Cir. 2019) (citing *Frye*, 566 U.S. at 140; *Lafler*, 566 U.S. at 162). Thus it has now been recognized that, as a general rule, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145.

Movant's second claim is premised on the allegation that he recently discovered that the government made a plea offer to him through his counsel in April 1998, but his then-counsel breached the duty to communicate that offer to him. (Doc. No. 414 ¶¶ 4, 9, 20–21.) Movant states that after he learned of the Supreme Court's decision in *Frye*, he "wondered whether any plea agreement had been conveyed to him" because he was never informed of any. (*Id.* ¶¶ 17, 21.) After unsuccessful attempts to obtain his case file from the government and from the Federal Defender's office, movant contacted his co-defendant, James Richardson, for Richardson's legal file and he received, in January 2016, a file which contained a copy of the plea offer letter from the government. (*Id.* ¶¶ 17–21) (citing Doc. No. 414-1, Attach. 1 at 30–31). That letter offered to dismiss several counts of the indictment against movant, including count nine (in which he was charged with a death caused by use of a firearm during a "crime of violence") upon which he was convicted and sentenced to life imprisonment, in exchange for his plea of guilty to being a career offender and to robbery of an inhabited dwelling. (*See* Doc. No. 414-1, Attach. 1 at 30–31.)[12]

/////

---

[11] *Strickland v. Washington*, 466 U.S. 668 (1984).

[12] Although this claim is premised upon newly discovered evidence, it is not the type of new evidence that would trigger operation of 28 U.S.C. § 2255(1), which applies to "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Movant does not suggest otherwise.

Two decades after the plea offer was allegedly made but not conveyed to movant, he now seeks relief from his life sentence under the holdings in *Lafler* and *Frye*, arguing that those decisions announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, previously unavailable." 28 U.S.C. § 2255(h)(2); (Doc. Nos. 414 ¶¶ 4, 9; 419 at 3).[13] However, the mere announcement of "a new constitutional rule of criminal procedure" by the Supreme Court does not, as a general matter, apply retroactively "to convictions that were final when the new rule was announced." *Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016); *see also Tyler*, 533 U.S. at 663 ("The Supreme Court does not 'ma[k]e' a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts."). Whether a new constitutional rule of criminal procedure merits retroactive application turns on a careful balancing by the Supreme Court[14] between, "first, the need for finality in criminal cases, and second, the countervailing imperative to ensure that criminal punishment is imposed only when authorized by law." *Welch*, 136 S. Ct. at 1266.

The government opposes movant's claim, arguing that neither *Lafler* nor *Frye* is a new constitutional law, and that neither has been made retroactively applicable by the Supreme Court. (Doc. No. 416 at 7–8.) The government's argument is compelling in light of the Ninth Circuit's decision in *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012) ("*Buenrostro I*") which is binding on this court.

In *Buenrostro I*, the Ninth Circuit held that "neither *Frye* nor *Lafler* can form the basis for an application for a second or successive motion because neither case decided a new rule of constitutional law," reasoning that "[t]he Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated" in *Strickland*, and "established in the plea-bargaining context" in *Hill v. Lockhart*, 474 U.S. 52 (1985). *Buenrostro I*, 697 F.3d at 1140; *accord Pagan-San Miguel v. United States*, 736 F.3d 44, 45 (1st Cir. 2013) ("We agree with every other circuit to have considered the issue that neither

---

[13] Movant cites no specific Supreme Court case holding that either *Frye* or *Lafler* is applicable retroactively. (*See* Doc. Nos. 414; 419.)

[14] S*ee supra* note 6.

12

*Frye* nor *Cooper* established a 'new rule of constitutional law.'"); *Hare v. United States*, 688 F.3d 878, 881 (7th Cir. 2012) (same); *In re Liddell*, 722 F.3d 737, 738–39 (6th Cir. 2013) (same); *In re Graham*, 714 F.3d 1181, 1182 (10th Cir. 2013) (same); *Gallagher v. United States*, 711 F.3d 315, 315–16 (2d Cir. 2013) (same as to *Frye* and *Lafler*); *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (same as to *Frye* and *Cooper*); *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (same as to *Frye* and *Lafler*). Consequently, in *Buenrostro I* the Ninth Circuit affirmed the district court's denial of a second or successive § 2255 motion which was based on the decisions in *Frye* and *Lafler*, for failure to satisfy § 2255(h)(2). *Buenrostro I*, 697 F.3d at 1140–41. Notwithstanding the foregoing, movant advances the argument that the Ninth Circuit's conclusion in *Buenrostro I*—and, by implication, every circuit that has considered this issue—is "incorrect" and urges this court to disregard that binding authority. (Doc. No. 419 at 6–7) (asserting that "[t]he Ninth Circuit's analysis is incorrect" and "that fundamental fairness requires the retroactive application of *Frye* and *Lafler*.").[15]

"The law of precedent teaches that like cases should generally be treated alike," *Epic Sys. Corp. v. Lewis*, __U.S.__, 138 S. Ct. 1612 (2018), and "if a controlling precedent is determined to be on point, it must be followed," *Hart v. Massanari*, 266 F.3d 1155, 1172–73 (9th Cir. 2001). "The district court does not have the authority to ignore circuit court precedent, and neither do we." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016); *see also In re United States*, 945 F.3d 616, 627 (2d Cir. 2019) (Judges "cloaked with the authority granted by Article III of the Constitution, are not at liberty to impose their personal view of a just result in the face of a contrary rule of law."). "Stare decisis 'promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'" *Gamble v. United States*, 139 S. Ct. 1960,

---

[15] The Ninth Circuit has, on multiple occasions, acknowledged that *Buenrostro I* is controlling. *See United States v. Buenrostro*, 895 F.3d 1160, 1163 (9th Cir.), *cert. denied*, __U.S.__, 139 S. Ct. 438 (2018) ("*Buenrostro II*"); *Holmes v. Johnson*, 617 F. App'x 758, 762 (9th Cir. 2015) ("In holding that *Frye* and *Lafler* did not break new ground, we concur with the reasoning of another Ninth Circuit panel employed in the context of a second or successive motion"); *Baker v. Ryan*, 497 F. App'x 771, 773 (9th Cir. 2012) ("But *Lafler* and *Frye* do not recognize new constitutional rights.").

13

1969 (2019). Here, movant asks the court to ignore not only *Buenrostro I* but also a longstanding history of similar precedent. This the court cannot do. Because of that, relief must also be denied as to movant's second claim due to movant's failure to satisfy § 2255(h)(2).

**C.     A Certificate of Appealability is Not Appropriate**

The court now turns to whether a certificate of appealability should be issued. *See* 28 U.S.C. § 2253(c)(1)(B). An issuance of a COA "must not be pro forma or a matter of course," *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), nor is it "coextensive with a merits analysis," *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Under § 2253(c) of AEDPA, "a COA may not [be] issue[d] unless 'the applicant has made a substantial showing of the denial of a constitutional right.'" *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (alteration in original) (quoting 28 U.S.C. § 2253(c)). To satisfy this standard, the movant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. The movant must prove "'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Id.* at 338. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits," *id.* at 336, but without a "full consideration of the factual or legal bases adduced in support of the claims," *Buck*, 137 S. Ct. at 773. The district court must "indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

Here, movant has also failed to make "a substantial showing" that his constitutional rights were denied as required by § 2253(c). *Miller-El*, 537 U.S. at 327. As to the first claim, the Ninth Circuit has repeatedly upheld the district courts' conclusions that § 924(c)(3)(A)'s elements clause remains a valid basis for a conviction. *See Gray v. United States*, 830 F. App'x 210 (9th Cir. 2020) (affirming the denial of a § 2255 motion because "Gray's § 924(c) convictions remain valid."); *United States v. Allen*, 828 F. App'x 428 (9th Cir. 2020) ("Contrary to Allen's contention, Hobbs Act robbery qualifies as a crime of violence under the elements clause in § 924(c)(3)(A)."); *United States v. Sleugh*, 827 F. App'x 645, 649 (9th Cir. 2020) (same); *United*

14

*States v. Martin*, 822 F. App'x 521, 526 (9th Cir. 2020) (same); *United States v. Milsten*, 814 F. App'x 244, 247 (9th Cir. 2020) (same). And as to the second claim, the Ninth Circuit has likewise affirmed a district court's denial of relief under AEDPA because neither *Frye* nor *Lafler* announced a new rule of constitutional law, much less one with retroactive effect so as to trigger § 2255(h)(2). *See Baker v. Ryan*, 497 F. App'x 771, 773 (9th Cir. 2012) (affirming the denial of federal habeas corpus petition because "*Lafler* and *Frye* do not recognize new constitutional rights."); *see also Londo v. United States*, No. 3:05-cr-00085-LRH-WGC, 2013 WL 12304290, at *2 (D. Nev. Sept. 25, 2013) (denying a § 2255 motion because "*Frye* did not create a new constitutional right to be applied retroactively to cases on collateral review."); *Hodge v. Swarthout*, No. CV 12-8436-DOC CW, 2013 WL 4789737, at *6 (C.D. Cal. Sept. 4, 2013) (adopting the findings and recommendations recommending the denial of relief because "neither [*Lafler* nor *Frye*] decided a new rule of constitutional law."); *United States v. Sua*, No. CR 98-00411HG-02, 2013 WL 3872791, at *3 (D. Haw. July 24, 2013) (denying a § 2255 motion because "*Frye*, *Lafler* and *Martinez* did not create new rules of constitutional law or recognize a new right that applies here."). In accordance with the foregoing authorities, the court is not persuaded that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. It follows that § 2253(c) has *not* been satisfied and a certificate of appealability should not be issued.

## CONCLUSION

For the reasons set forth above, movant's § 2255 motions (Doc. Nos. 405 & 414), are DENIED, and the court declines to issue a certificate of appealability. The Clerk of Court is further directed to assign a district judge to this matter for the purposes of closure and to re-close this case.

IT IS SO ORDERED.

Dated: **June 29, 2021**

UNITED STATES DISTRICT JUDGE

15