UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>LAWRENCE ROBINSON,<br><br>Defendant-Movant. | Case No. 1:97-cr-05129-JLT-3<br><br>ORDER STAYING CASE<br><br>(Doc. 437) |

On June 29, 2021, the previously assigned district judge denied Lawrence Robinson's motions brought under 28 U.S.C. § 2255 and declined to issue a certificate of appealability. (Doc. 436.) On July 8, 2021, Defendant requested reconsideration of denial of a certificate of appealability, citing to the pending case of *United States v. Taylor*, No. 20-1459 (certiorari granted July 2, 2021), which remains pending before the U.S. Supreme Court. (Doc. 437.) Defendant also requested the Court stay the instant case pending a determination by the Supreme Court in *Taylor*. (*Id.* at 1-2.) A routine review of the docket of this case reveals that the Court has yet to formally respond to the stay request.

The Court **GRANTS** Defendant's request to stay this case pending the Supreme Court's resolution in *Taylor* because the outcome of *Taylor* may affect the Court's determination regarding the request for reconsideration of the denial of certificate of appealability. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In particular, the issue presented in *Taylor* concerns whether attempted Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3). The Ninth Circuit previously held that attempted Hobbs Act robbery constituted a crime of violence under the statute. *See United States v. Dominguez*, 954 F.3d 1251, 1262 (9th Cir. 2020). If the Supreme Court reaches a different conclusion in *Taylor*, this Court's decision regarding Defendant's motion for reconsideration may be impacted because Defendant's case likewise involves a conviction of aiding and abetting under 18 U.S.C. § 924. (*See* Doc. 437 at 2.) For these reasons and because the Government did not oppose the request to stay, this case is hereby **STAYED**. The parties are instructed to file a joint status report within fourteen days of the Supreme Court issuing a final decision in *Taylor*.

IT IS SO ORDERED.

Dated: __**June 13, 2022**__                                  _/s/ Jennifer L. Thurston_
                                                                                  UNITED STATES DISTRICT JUDGE