UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE ROBINSON,<br><br>Defendant. | Case No. 1:97-cr-05129-JLT<br><br>AMENDED ORDER GRANTING REQUEST FOR RECONSIDERATION AND VACATING AND DISMISSING ROBINSON'S CONVICTIONS ON COUNTS EIGHT AND NINE[1]<br><br>(Doc. 450) |

Lawrence Robinson requests that the Court reconsider its prior order denying his motion for relief under 28 U.S.C. § 2255 due to the recent Supreme Court decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). The government does not oppose Robinson's request and agrees that Robinson should be released immediately. (Doc. 457.) For the reasons explained below, Robinson's motion is **GRANTED**.

Robinson is currently serving: a term of life imprisonment for causing a death with a firearm during a § 924(c) violation in violation of 18 U.S.C. § 924(j)(1) (Count Nine); a concurrent 240 month term for attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count Seven); and 60 months, consecutive to the other two counts, for carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count Eight).

Robinson previously brought a 28 U.S.C. § 2255 motion arguing that his conviction for

---

[1] This Order corrects an administrative error regarding the value of the special assessment due.

1

attempted Hobbs Act robbery was not a "crime of violence" for purposes of the 18 U.S.C. § 924(c)(1) count, thereby also invalidating the § 924(j)(1) count. The Court denied this motion on June 29, 2021. (Doc. 436.) Robinson timely requested reconsideration of that order and moved to stay proceedings in light of then-pending Supreme Court litigation in *Taylor*. (Doc. 437.) The Court granted the stay request. (Doc. 441.) Subsequently, the Supreme Court held in *Taylor* that attempted Hobbs Act Robbery is not a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A).

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) may be granted where, as here, there is an intervening change in the controlling law. *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) (en banc) (per curiam); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Based on *Taylor*, Robinson's convictions under § 924(c)(1) and § 924(j)(1) must be vacated. Robinson's § 924(c)(1) conviction was for carrying a firearm during a crime of violence—the attempted Hobbs Act robbery—and aiding and abetting such conduct. Similarly, the § 924(j)(1) conviction was for causing a death by use of a firearm in the course of the § 924(c)(1) violation. Therefore, if the § 924(c)(1) conviction falls, the § 924(j)(1) conviction must also fall. Because Robinson's underlying conviction for attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A), according to *Taylor*, neither the § 924(c)(1) nor the § 924(j)(1) count can stand.

As to Robinson's remaining conviction for attempted Hobbs Act robbery, he was originally sentenced to the maximum of 240 months with 5 years of supervised release. (Doc. 311). Robinson has now served more than that term, having been in custody since 1997. Accordingly:

1. Defendant Robinson's motion for reconsideration (Doc. 450) is **GRANTED.**
2. Defendant Robinson's convictions for Counts Eight and Nine are hereby **VACATED and DISMISSED**.
3. As agreed by all parties, having served more than the maximum 240 months on

Count Seven, Defendant Robinson is hereby **RESENTENCED**[2] to **TIME SERVED and to 60 months supervised release.**

4. Defendant Robinson should be **RELEASED FORTHWITH** to begin the 60-month term of supervised release with the conditions described in the original amended judgment (Doc. 311 at 3–4).

5. Defendant Robinson's special assessment is reduced to **$100** pursuant to 18 U.S.C. § 3013 to reflect the single count of conviction.

IT IS SO ORDERED.

Dated: __December 1, 2022__

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[2] The parties have agreed specifically that there is no need for a new PSR or for a new sentencing hearing. (Docs. 450 at 7, 457 at 3.)

3