UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE ROBINSON,<br><br>Defendant. | No. 1:97-cr-05129-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Lawrence Robinson's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 515.) The Government filed an opposition. (ECF No. 517.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 1996, Defendant and co-Defendant James Richardson shot and killed a clerk during an armed robbery. (ECF No. 454 ¶ 5.) Defendant was charged on November 20, 1997, in a second superseding indictment. (ECF No. 450-1.) Defendant was convicted at trial on four counts, but his conviction on one of the counts was reversed on appeal. On remand, the Court sentenced Defendant on the three remaining counts: attempted Hobbs Act robbery under 18 U.S.C. § 1951(a) (count 7), carrying a firearm during a crime of violence under 18 U.S.C. § 924(c)(1) (count 8), and causing a death with a firearm during a § 924(c) violation under 18 U.S.C. § 924(j)(1) (count 9). (ECF No. 450-3.) The Court sentenced Defendant to life imprisonment on the § 924(j)(1) conviction, a concurrent 240 months on the attempted Hobbs Act robbery conviction under § 1951(a), and 60 months on the § 924(c)(1) conviction, to run consecutive to the other two counts. (ECF No. 306.) The Court also sentenced Defendant to a 60-month term of supervised release. (*Id.*)

On December 1, 2022, the Court granted Defendant's 28 U.S.C. § 2255 motion and issued an order vacating the two § 924 charges pursuant to *United States v. Taylor*, 596 U.S. 845 (2022), leaving only one remaining count of conviction: the attempted Hobbs Act Robbery charge under 18 U.S.C. § 1951(a) (count 7), for which the statutory maximum sentence was 20 years imprisonment and 5 years of supervised release. (ECF No. 463.) Because Defendant had served more than 20 years in prison, the Court ordered Defendant released from custody. (*Id.*) Defendant began his five-year term of supervised release that same day, December 1, 2022. (*Id.*)

On March 17, 2025, Defendant filed the instant motion for early termination of supervised release. (ECF No. 515.) Defendant has served approximately 30 months of his 60-month term of supervised release.

### II. STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

### III.   ANALYSIS

Defendant requests the Court terminate his supervised release because when his life sentence was vacated, he had served 43 months more than the 20-year maximum sentence for the remaining count. (ECF No. 515 at 2.) Defendant also argues he has performed well under supervision for the last 2.5 years, he successfully graduated from the Reentry Court program, and he works at St. Agnes Hospital in Fresno. (*Id.* at 1–2.) Lastly, Defendant indicates he wishes to freely plan visits with his daughter and grandchildren without needing approval from probation. (*Id.* at 2–3.)

In opposition, the Government acknowledges the probation officer does not oppose Defendant's motion. (ECF No. 517 at 3.) However, the Government contends Defendant has not established he is entitled to early termination of supervision based solely on his good conduct on release, which is expected of all defendants on post-release supervision. (*Id.* at 4–5.) The Government emphasizes Defendant had a criminal history category of VI at sentencing and argues the nature and circumstances of Defendant's offense were extremely serious, as Defendant and his co-Defendant shot and killed someone during an attempted arm robbery. (*Id.* at 2, 4–5.) The Government argues it is unclear from the record whether Defendant ever fully accepted responsibility for his actions or if he is remorseful for his conduct. (*Id.* at 4–5.)

The Court commends Defendant on the positive steps he has taken since his release. However, considering the referenced subset of § 3553(a) factors, specifically the nature and circumstances of the offense, history and characteristics of Defendant, need for adequate deterrence, and need to protect the public, Defendant has not shown that early termination of supervised release is justified. Defendant fails to cite any authority to support the proposition that the excess time he spent in custody before his life sentence was vacated should offset his term of supervised release. The Court maintained Defendant's 60-month term of supervised release despite reducing Defendant's term of imprisonment to time served, and the Court finds

Defendant's term and conditions of supervised release to be well-supported. Although Defendant argues his good behavior warrants early termination of supervised release, "compliance with release conditions, resumption of employment, and engagement of family life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012); *accord United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED.  (ECF No. 515.)

IT IS SO ORDERED.

Date: May 15, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE