UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LAWRENCE ROBINSON,<br>Defendant. | No. 1:97-cr-05129-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Lawrence Robinson's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 532.) The Government filed an opposition. (ECF No. 534.) Defendant filed a reply. (ECF No. 535.) For the reasons set forth below, Defendant's motion is GRANTED.

///

///

///

///

///

///

///

///

## I. Factual and Procedural Background[1]

On May 1, 1996, Defendant and co-Defendant James Richardson shot and killed a clerk during an armed robbery. (ECF No. 454 ¶ 5.) Defendant was charged on November 20, 1997, in a second superseding indictment. (ECF No. 450-1.) Defendant was convicted at trial on four counts (ECF No. 158), but his conviction on one of the counts was reversed on appeal (ECF No. 450-2 at 7). On remand, the Court sentenced Defendant on the three remaining counts: attempted Hobbs Act robbery under 18 U.S.C. § 1951(a) (count 7); carrying a firearm during a crime of violence under 18 U.S.C. § 924(c)(1) (count 8); and causing a death with a firearm during a § 924(c) violation under 18 U.S.C. § 924(j)(1) (count 9). (ECF No. 450-3 at 2.) The Court sentenced Defendant to life imprisonment on the § 924(j)(1) conviction, a concurrent 240 months on the attempted Hobbs Act robbery conviction under § 1951(a), and 60 months on the § 924(c)(1) conviction to run consecutive to the other two counts. (ECF No. 306 at 2.) The Court also sentenced Defendant to a 60-month term of supervised release. (*Id.* at 3.)

On December 1, 2022, the Court granted Defendant's 28 U.S.C. § 2255 motion and issued an order vacating the two § 924 charges pursuant to *United States v. Taylor*, 596 U.S. 845 (2022). (ECF No. 463 at 1–2.) This order left only one remaining count of conviction: the attempted Hobbs Act robbery charge under 18 U.S.C. § 1951(a) (count 7), for which the statutory maximum sentence was 20 years of imprisonment and 5 years of supervised release. (*Id.* at 2.) Because Defendant had served more than 20 years in prison, the Court ordered Defendant released from custody. (*Id.* at 2–3.) Defendant began his five-year term of supervised release that same day, December 1, 2022. (*Id.* at 3.)

Defendant filed a motion for early termination of supervised release last year, which the Court denied on May 16, 2025. (ECF No. 519). Defendant filed the instant second motion for early termination of supervised release on June 26, 2026. (ECF No. 532.) Defendant has served approximately 46 months of his 60-month term of supervised release.

---

[1] The instant factual background is taken largely verbatim from this Court's May 16, 2025 Order denying Defendant's prior motion for early termination of supervised release. (ECF No. 519.)

## II. Standard of Law

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## III. Analysis

Defendant requests the Court terminate his supervised release because he would like to be able to freely plan visits with his family, specifically with his daughter and grandchildren who were born when he was incarcerated and now reside in the San Francisco Bay Area. (ECF No. 532 at 2–3.) Defendant contends he has demonstrated further supervision is not needed to protect the public or assist his transition back into society, as he has maintained full-time employment and a stable residence, complied with all conditions of supervised release, completed mental health and substance abuse counseling, submitted clean drugs tests, and completed the Reentry Court program. (*Id.* at 4.) According to Defendant, termination of supervised release is appropriate at this time, given that his actual time in custody exceeded the statutory maximum for his offense by five and a half years and he has had excellent performance while on supervision. (*Id.* at 5.)

In opposition, the Government asserts Defendant raises the exact same unsuccessful arguments he made in his first motion and that significant parts appear to be copied and pasted. (ECF No. 534 at 2.) The Government notes that Defendant does not address why the Court denied his first motion. (*Id.*)

In reply, Defendant maintains that although he makes similar arguments to his earlier motion, significant differences exist — namely, that he reached out to the Probation Office and his supervising officer responded that he had no objections to early termination and that he provides authority establishing his service of excess time in prison carries "great weight." (ECF

No. 535 at 1–2.) Defendant contends his accomplishments during 43 months of supervision have fulfilled the rehabilitative purpose of supervised release and have provided him with post-confinement assistance he no longer needs. (*Id.* at 3.) Finally, Defendant notes the factual circumstances of his second motion for early termination are different, as he has completed more than 43 months of supervision. (*Id.* at 3–4.)

The Court acknowledges that Defendant indeed cites to authority for the proposition that "the fact that a defendant 'spent too much time in prison [does] not automatically entitle [them] to less supervised release,'" but nevertheless "the service of excess time in prison carries 'great weight in a § 3583(e) motion to reduce' a term of supervised release." (ECF No. 532 at 5 (quoting *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018); *United States v. Johnson*, 529 U.S. 53, 59–60 (2000)).) The Court agrees with Defendant that his service of 66 excess months in prison is an equitable factor of "great weight" supporting the instant motion. (ECF No. 535 at 2.) The Court further notes that circumstances have changed since the filing of Defendant's prior motion. Defendant has successfully completed more than 16 additional months on his term of supervision since his initial request was denied on May 16, 2025, bringing his total to 46 months out of the full 60-month term of supervised release. Defendant also attached an email from his probation officer, who has stated he has no objections to early termination.[2] (*Id.* at 6.)

The Court's decision on whether to terminate Defendant's supervised release is governed by 18 U.S.C. § 3583(e), which provides that a court may modify or revoke the conditions of supervised release after considering the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cate*, 971 F.3d 1054, 1058 (9th Cir. 2020). The Court finds that Defendant satisfies the factors for early termination, and a review of the 18 U.S.C. § 3553(a) factors establishes supervision no longer serves the purposes of his sentence. Considering the subset of § 3553(a) factors, specifically the history and characteristics of Defendant and need for adequate deterrence, the Court finds Defendant has complied with almost all requirements of supervision and has

---

[2] Defendant's probation officer stated in this email that Defendant tested positive for alcohol on May 8, 2026, despite having a condition to abstain from alcohol use. (ECF No. 535 at 6.) However, the Court finds the probation officer's explanation and discussion with Defendant satisfactory.

maintained steady employment, residence, and family life. Defendant has therefore met his burden to show early termination of supervised release is warranted under 18 U.S.C. § 3583(e). *See Emmett*, 749 F.3d at 819.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Early Termination of Supervised Release. (ECF No. 532.)

IT IS SO ORDERED.

DATE: September 30, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE